**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Johnny Edward CARTER,** Defendant–Appellant.

No. 12–11806 Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 4, 2012.

Lisa A. Hirsch, Wifredo A. Ferrer, Kathleen Mary Salyer, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, Robert H. Waters, Jr., U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Peter Vincent Birch, Federal Public Defender's Office, West Palm Beach, FL, Beatriz Galbe Bronis, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Johnny Edward Carter, a federal prisoner, appeals the denial of his motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). The district court ruled that Carter was ineligible for relief because he was sentenced as a career offender. Carter argues that the decision of the Supreme Court in *Freeman v. United States*, 564 U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), abrogated our decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir.2008), that a career offender is categorically ineligible for a reduced sentence. We affirm.

Carter's argument is foreclosed by our recent decision in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.2012). In *Lawson*, this Court held that *Freeman*, which did not address how retroactive amendments affect career offenders, did not abrogate *Moore*. *Lawson*, 686 F.3d at 1320–21. Like Lawson, Carter was sentenced as a career offender, United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2000), and was ineligible for a reduced sentence under Amendment 750. The district court did not err by denying Carter's motion.

The denial of Carter's motion to reduce his sentence is **AFFIRMED.**